IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BYRON SHANNON, # 163487,⁣ )
⁣ )
   Plaintiff, )
⁣ )
v. )  No. 3:25-cv-00620
⁣ )
MELISSA BLACKBURN, *et al.*, )  Judge Richardson
⁣ )  Magistrate Judge Frensley
   Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Byron Shannon, who is currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). As explained below, the Complaint will be dismissed as factually frivolous and for failure to state a claim upon which relief may be granted.

## I.  FILING FEE

Plaintiff has filed two Applications for Leave to Proceed In Forma Pauperis ("IFP Applications") (Doc. Nos. 2, 7). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation,[1] it appears that Plaintiff lacks sufficient financial

---

[1] Plaintiff's IFP application consists of the financial affidavit required by 28 U.S.C. § 1915(a)(1). It does not include a certified copy of Plaintiff's inmate trust account statement as required by Section 1915(a)(2). However, Plaintiff has submitted an uncertified copy and asserts that "all staff refuse to sign" a copy of his trust account statement. (Doc. No. 2 at 8). He has also submitted a certified statement from several months before he filed his complaint indicating that his trust account balance was $0. (Doc. No. 2 at 5). Based on these submissions, the Court in its discretion deems the statutory requirements met. *See Michael Kilpatrick v. James O'Rourke*, No. 3:16-cv-01840, Doc. No. 3 at 1–2 (M.D. Tenn. 2016) (discussing remedy for inmate who documents prison officials' refusal to cooperate with his efforts to obtain services and documentation related to the filing fee).

resources from which to pay the full filing fee in advance. Therefore, his original IFP Application (Doc. No. 2) will be granted.[2] His subsequent IFP Application (Doc. No. 7) will be denied as moot.

Under § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along

---

[2] This Court previously denied Plaintiff in forma pauperis status based on the "three strikes" rule of 28 U.S.C. § 1915(g). *See, e.g., Shannon v. McLeod*, No. 3:13-cv-00921, Doc. No. 10 (M.D. Tenn. Oct. 22, 2013). However, the Court has assessed Plaintiff's prior case dismissals under the rule announced (as a matter of first impression) within the last year in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), and concludes that Section 1915(g) does not bar Plaintiff form proceeding in forma pauperis in this action.

with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II.  PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff names 14 Defendants, including several state-court judges, the Davidson County Sheriff, the Lieutenant Governor of Tennessee,[3] a member of the Tennessee Board of Judicial Conduct and his legal assistant, and several public defenders and other attorneys.[4]

In the Complaint and an attached statement of facts,[5] Plaintiff alleges that 16 individuals—including the Governor of Tennessee, the Mayor and Deputy Mayor of Nashville, a non-Defendant public defender, and nearly all the named Defendants—"have offered millions to anyone who will kill Byron James Shannon." (Doc. No. 6 at 1−2). Plaintiff further alleges that several Defendants and non-Defendants are engaged in a conspiracy to commit various crimes, including smuggling humans and drugs from Texas to Tennessee. (*Id.* at 3−5). Plaintiff also makes several additional allegations against Judge Dozier, including that he is a war criminal, has made inappropriate sexual advances toward Plaintiff, and has bribed and traded sexual favors with some of the other named Defendants. (*Id.* at 5−7).

Plaintiff further alleges that jail staff spit and placed feces in his food trays at every meal. (Doc. No. 1 at 8).

---

[3] Plaintiff names and makes factual allegations against "Lieutenant Governor Delores." (Doc. No. 1 at 1; Doc. No. 6 at 4). However, the Lieutenant Governor of Tennessee actually is Randy McNally. *Tennessee General Assembly*, "Lieutenant Governor and Speaker of the Senate," available at www.capitol.tn.gov/senate/speaker.html (accessed November 12, 2025).

[4] The named Defendants are Judge Melissa Blackburn, Judge John Holt, Judge Steve Dozier, Judge David Lowery, "Lieutenant Governor Delores," Sheriff Daron Hall, Beverly P. Sharpe, Joy Scribner, G. Andrew Brigham, Cheryl Blackburn, John Holt, Public Defender Snow, Public Defender Crandell Story, and Director of Public Defenders Martesha Johnson. (Doc. No. 1 at 1).

[5] For screening purposes, the Court considers "Attachment #1(A)," (Doc. No. 6), which the Complaint purports to incorporate. (Doc. No. 1 at 8).

# IV. ANALYSIS

The Complaint is subject to dismissal because Plaintiff's allegations are factually frivolous.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, Plaintiff's claims stem from an alleged criminal conspiracy among several judges, public defenders, and high-ranking Tennessee officials to have Plaintiff killed, engage in human trafficking and drug trafficking, and commit a variety of other crimes. (Doc. No. 6 at 1−5). These allegations are wholly incredible and therefore subject to dismissal. *See Selvy v. Dep't of Housing and Urban Development*, 471 F. Supp. 2d 905, 909 (E.D. Mich. 2005) (dismissing complaint as frivolous because "Plaintiff's premise of a massive Freemasonry conspiracy of which he is a victim is clearly fantastic and delusional"); *Marshall v. Stengel*, No. 3:10-CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (dismissing complaint as factually frivolous because "Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and various other state and federal officials are engaged in an elaborate and massive criminal conspiracy to torture and torment her").

It is unclear whether Plaintiff's allegations regarding jail officials spitting and placing feces in his food trays (Doc. No. 1 at 8) are related the larger alleged conspiracy. Regardless, Plaintiff does not allege that any of the named Defendants were involved in such conduct. "To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violations." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) (quotation marks and brackets omitted). To the extent Plaintiff intends to assert a claim based on this conduct, he has failed to state a claim upon which relief may be granted.

## V. CONCLUSION

Plaintiff's original IFP Application (Doc. No. 2) is **GRANTED**. His later-filed IFP Application (Doc. No. 7) is **DENIED** as moot.

The Complaint is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted.

Plaintiff's Motion for Extension of Time to File Certificate of Service (Doc. No. 10) and Motion to Settle (Doc. No. 11) are **DENIED** as moot.

This is the final order in this action. The Clerk is directed to enter judgment under Rule 58 of the Federal Rule of Civil Procedure and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE